```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

**STRATTON NEAL PEAY**              :        **CIVIL ACTION**
                                    :
    **v.**       :
                                    :
**PETRESE TUCKER, et al.**          :        **NO. 05-5106**

**M E M O R A N D U M**

**ROBRENO, J.**                              **NOVEMBER     , 2005**

      Plaintiff, a prisoner, has filed a pro se 42 U.S.C. § 1983 civil rights complaint against the Honorable Petrese B. Tucker, and two private attorneys, who were appointed to represent him in Civil Action No. 03-6297.  Plaintiff is alleging, in essence, that he did not receive adequate legal representation in his civil rights case.  In his prayer for relief, he is asking this Court to: 1) reinstate Civil Action No. 03-6297; 2) remove the defendants from that case; 3) appoint new counsel; 4) impose sanctions, and 5) reimburse his court fees.

      Pursuant to 28 U.S.C. § 1915, when a civil action is filed in forma pauperis, the Court shall dismiss the action if the case is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  For the following reasons, this civil action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I. DISCUSSION**

    **A.   Claims against Judge Tucker**

    Judges have absolute immunity from § 1983 actions seeking money damages for actions performed in a judicial capacity.  Stump v. Sparkman, 435 U.S. 349 (1978).  Nothing in this complaint suggests that Judge Tucker was acting outside of her judicial

capacity in connection with plaintiff's civil rights case. Therefore, plaintiff's claim against Judge Tucker will be dismissed.

### B.  Claims against Isla Luciano and Stacey Gregory

In order to bring suit under 42 U.S.C. § 1983, plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. West v. Atkins, 487 U.S. 42 (1988). There are no allegations in this complaint that would allow this Court to find that these attorneys either acted under color of state law or violated plaintiff's constitutional rights. Accordingly, the claims against these defendants will also be dismissed.

### C.  Plaintiff's request for relief

Finally, it appears that plaintiff's reason for filing the instant civil rights complaint was to have his prior civil rights case reinstated, and to change the outcome of that case. However, this is not the appropriate means to seek reinstatement of his prior case.

### II. CONCLUSION

Plaintiff has advanced an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Accordingly, dismissal of this complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) is appropriate. An order dismissing this complaint follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STRATTON NEAL PEAY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **PETRESE TUCKER, <u>et</u> <u>al</u>.** | : | NO. 05-5106 |

## O R D E R

AND NOW, this      day of November, 2005, having considered plaintiff's complaint and motion to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is GRANTED pursuant to 28 U.S.C. § 1915(a).

2.  Plaintiff's complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), for the reasons stated in the accompanying memorandum filed this day.

3.  Plaintiff shall pay in installments the full filing fee of $250.00.  Plaintiff is not assessed an initial partial filing.  The Superintendent or other appropriate official at S.C.I. Greene or any prison at which plaintiff may be incarcerated shall deduct from plaintiff's account, each time that plaintiff's inmate trust fund account exceeds $10.00, an amount no greater than 20 percent of the money credited to his account during the preceding month and forward that amount, to be credited to Civil Action No. 05-5106, to "Clerk of the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106."

4.    The Clerk is directed to send a copy of this order to the Superintendent of S.C.I. Greene.

**BY THE COURT:**


**S/ EDUARDO C. ROBRENO, J.**

**M E M O R A N D U M**

TO:      Judge Eduardo C. Robreno

FROM:    Elaine B. Battle, Pro Se Law Clerk

RE:      Peay v. Tucker, <u>et</u> <u>al</u>.
         Civil Action No. 05-5106

DATE:    November 9, 2005

    Attached is a proposed memorandum and order dismissing this complaint for the reasons stated in the memorandum, and assessing the filing fee.

    Please let me know what action you decide to take by returning this cover memo to the Staff Attorney's office.

    Thank you for your cooperation.

    _____    Recommendation approved

    _____    Recommendation disapproved

    _____    Date

Attachments